UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN D. GILLIAM,<br>Booking No. 19751724,<br><br>                              Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; WILLIAM D. GORE; CAPTAIN BUCHANAN,<br><br>                              Defendants. | Case No.  3:19-cv-2486-CAB-BLM<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

Marvin D. Gilliam ("Plaintiff"), while housed at the George Bailey Detention Facility, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 26, 2019.  (*See* Compl., ECF No. 1.)

**I.    Procedural History**

On February 25, 2020, the Court granted Plaintiff leave to proceed in forma pauperis, but dismissed his Complaint for failing to state any claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). (*See* ECF No. 4.) Plaintiff was advised of his pleading deficiencies and granted 30 days leave in which to file an Amended Complaint that fixed them. (*Id.* at 9-10.)

/ / /

Plaintiff's Amended Complaint was due on or before March 25, 2020. But to date, Plaintiff has not filed an Amended Complaint, and has not requested an extension of time in which to do so.[1] "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II.   Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's February 25, 2020 Order.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated:  May 5, 2020

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] The Court's February 25, 2020 Order was returned "undeliverable."  (ECF No. 5.)  It was noted on the envelope that Plaintiff apparently was released. (*See id.*)  However, to date, Plaintiff has not contacted the Court nor has he provided a notice of change of address.